UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DAVID TYRONE HILL, ) | CASE NO. 1:11 CV 874 |
|  ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
|  ) | |
| v. ) | |
|  ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY, *et al.*, ) | AND ORDER |
|  ) | |
| Defendants. ) | |

*Pro se* Plaintiff David Tyrone Hill filed this action under 42 U.S.C. § 1983 against Cuyahoga County, Cuyahoga County Corrections Center Director Kenneth Kochevar, Cuyahoga County Corrections Officer Brian Williams, Cuyahoga County Corrections Officer Joseph Corrangan, Cuyahoga County Corrections Officer Tomley, Cuyahoga County Corrections Officer Corporal Harris, Cuyahoga County Corrections Officer Corporal Moore, and Cuyahoga County Corrections Officers John/Jane Does 2, 3, 5, and 6.[1] In the Complaint, Plaintiff alleges he was assaulted while incarcerated in the Cuyahoga County Jail. He seeks monetary damages.

## I. Background

Plaintiff claims he was assaulted by police officers and Cuyahoga County Jail corrections officers in 2002 and 2004. He contends he suffered a concussion as a result of excessive force used to secure his arrest in 2002. He claims in 2004, he was assaulted in the Cuyahoga County jail by Officers Williams, Corrangan, Tomley and John Does 2 and 3. He alleges they came to his cell at 3:36 a.m., physically assaulted him, placed him in a restraint chair, rolled him to a utility closet and "drowned him with a high pressure water hose." (Compl. at 2.) He states they eventually took him

---

[1] Plaintiff lists Officer Tomley, Corporal Harris, and Corporal Moore as John Doe Defendants 1, 4 and 5 respectively.

to the psychiatric department where they transferred him to the bed.

Plaintiff contends he was in bed for six days. He appeared in Court on April 20, 2004 for re-sentencing. He claims the Judge noticed his appearance and made inquiries. Thereafter, he was taken for x-rays and an MRI on April 29, 2004. These tests showed lumbar disc degeneration and a herniated disc. He states his injuries made it difficult for him to walk. Plaintiff asserts violations of the Eight Amendment.

Plaintiff also alleges his medical records were not transferred from the Cuyahoga County jail to his correctional institution. He indicates he was transferred to the Marion Correctional Institution on September 19, 2004 and then to Corrections Medical Center on November 7, 2004. He was given physical therapy, but no other treatment could be done without his records. He contends he was transported to the Ohio State University Hospital for surgery on his back, but he was returned to the prison when he would not sign a medical release form. He was transferred to the North Central Correctional Institution on April 28, 2005, and eventually was moved to the Southern Ohio Correctional Facility (SOCF) on March 31, 2011. He claims a nurse at SOCF showed him his medical records. He indicates they were incomplete and false.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S.

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Law and Analysis

#### A.  <u>Excessive Force claims</u>

As an threshold matter, Plaintiff's excessive force claims are time-barred. Ohio's two-year statute of limitations for bodily injury applies to Section 1983 claims. *LRL Properties v. Portage Metro Housing Auth.*, 55 F. 3d 1097 (6th Cir. 1995).  Plaintiff claims the Defendants assaulted him in 2002 and 2004.  This action was filed in May 2011, well beyond the expiration of the statute of limitations period for these claims. There is no purpose in allowing them to go forward in view of the fact that they are clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998).

#### B.  <u>Medical Records claims</u>

Plaintiff also asserts that his medical records were incomplete and contained inaccurate information. These claims are also time-barred as Plaintiff claims he was transferred from the Cuyahoga County Jail on September 2004. The date on which the statute of limitations begins to run in a civil rights action is a question of federal law. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Ordinarily, the limitations period starts to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 273. In determining when the cause of action accrues in section 1983 actions, the Court looks to events that should have alerted the typical lay person to protect his or her rights. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir.1991). Plaintiff alleges he was told by Corrections Medical Center staff in November 2004 that he had no medical records from the Cuyahoga County Jail. He states he was told by Toledo Correctional Institution medical personnel in April 2005 that they had no medical records for him from the Cuyahoga County Jail. Plaintiff should have been alerted by that time that his medical records were incomplete.

Even if the claim pertaining to the maintenance of his medical records was not time barred, it would require dismissal. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). He fails to satisfy either of these criteria.

First, the Defendants in this action are all Cuyahoga County Corrections Officers. Plaintiff does not allege that they were assigned to the medical department or that they had any responsibility to maintain or transfer his medical records. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Although Plaintiff alleges the Defendants participated in his the assault, he does not allege they

participated in transcribing or transferring his medical records. The Complaint simply contains no facts which reasonably associate these defendants to this claim.

In addition, Plaintiff does not assert a legal basis for this claim and none is apparent on the face of the Complaint. He asserts his claim of excessive force under the Eighth Amendment. To the extent he intended to assert this claim under the Eighth Amendment as well, it is without merit. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth or Fourteenth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth or Fourteenth Amendment only when both the objective and subjective requirements are met. *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations of incomplete medical records fail to establish the objective component of his claim. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff's allegations concerning the way his medical records were maintained is not alleged a deprivation which triggers constitutional scrutiny.

In addition, Plaintiff has not established the Defendants acted with a sufficiently culpable mental state when his dealing with his medical records to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Even liberally construed, the Complaint contains no allegations indicating the Defendants were responsible for maintaining his medical records or that in failing to do so properly, they acted with a degree of culpability greater than mere negligence. Plaintiff has not asserted a plausible claim for relief under the Eighth Amendment.

To the extent that Plaintiff intended to assert some other claim against the Defendants for failing to maintain for transfer his medical records, he failed to do so. He provides a short narrative of facts and then concludes the Defendants are liable to him for compensatory and punitive damages. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d

1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory to support this claim places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, Plaintiff failed to state a cause of action under § 1983 for maintenance of his medical records.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/11/11*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.